COVINGTON, Judge.
This action commenced as a petition for judicial review of the administrative approval for capital expenditures under Section 1122 of the Social Security Act, 42 U.S.C. Section 1320a-l, given to Lifemark Corporation (Lifemark) by the Louisiana Department of Health and Human Resources (DHHR). National Medical Enterprises, Inc. (NME) sued Roger Guissinger, Lane Carson and Murray Forman in their official capacities with DHHR, and DHHR. Joined as party defendant was Sharon Per-lis, the hearing officer who issued the approval order of which NME complains. Lifemark was not made a party to the suit and has not intervened in the proceedings.
As part of this action, NME sought and received from the trial court on August 30, *368 1982, ex parte orders recalling and vacating the Section 1122 approval granted Lifemark and directing DHHR to notify the Department of Health and Human Services of the United States of America of the recalling and vacating of the approval granted Life-mark. At that same time, the trial judge fixed a hearing for October 1, 1982.
On September 9, 1982, Lifemark, without intervening, filed exceptions of lack of jurisdiction over the subject matter, want of amicable demand, unauthorized use of summary proceedings, lack of procedural capacity, vagueness, non-joinder of an indispensable party, no cause of action and no right of action. These exceptions were set for trial on October 1, 1982. Lifemark also filed motions to recall and vacate the orders issued on August 30, 1982, and to dismiss NME’s petition. Both of these motions were denied ex parte by the trial judge.
On September 9, 1982, Lifemark applied to this Court for supervisory writs to set aside the orders issued by the trial court on August 30, 1982. This Court granted the writs and set aside the orders because the district court improperly issued orders adversely affecting the rights of a nonparty and the orders were contrary to Lifemark Corporation v. Guissinger, 416 So.2d 1279 (La.1982). NME applied to the Louisiana Supreme Court for writs which were denied on September 17, 1982.
On September 21, 1982, Lifemark again applied to this Court for supervisory writs to review the trial court’s refusal to grant Lifemark’s motion to dismiss NME’s petition. On September 24, 1982, this Court denied the writ application in part because Lifemark lacked the procedural standing in the district court to request a dismissal of the action since it failed to intervene pursuant to La.C.C.P. art. 1091. However, this Court issued a writ of mandamus to the trial judge directing him to notice that the petition failed to state a cause of action for which NME was entitled to relief and to dismiss the action.[1]
On October 1,1982, the trial court, pursuant to our order, held a hearing. NME sought permission to file an amended petition pursuant to La.C.C.P. art. 934. This request was denied. The trial court thereafter dismissed NME’s petition on the ground that it stated no cause of action. This suspensive appeal followed.
In this Court, Lifemark has moved for dismissal of NME’s appeal. We decline to consider Lifemark’s motion to dismiss because Lifemark lacks procedural standing in this Court to move for dismissal. Life-mark was not sued as a party defendant and has not sought to intervene in the proceedings below or in this Court. See La.C.C.P. art. 1091. Lifemark is not appealing as an aggrieved nonparty pursuant to La.C.C.P. art. 2086. A non-party is not given a right to question a party’s appeal or to object to an appeal for non-compliance with the procedural rules. Lifemark cannot invoke the jurisdiction of this Court without intervening or joining as a party to the suit.
Nevertheless, we notice on our own motion that Lifemark is an indispensable party to these proceedings. La.C.C.P. art. 927. The crux of NME’s petition for judicial review is the question of the propriety of an administrative certificate of approval granted to Lifemark. This question cannot be considered by the Courts without Life-mark, whose rights are so directly affected, being joined as a party to the litigation. La.C.C.P. art. 641.
La.C.C.P. art. 641 provides:
Indispensable parties to an action are those whose interests in the subject mat *369 ter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensablé parties are joined therein.
In Chalmette General Hospital, Inc. v. Cherry, 398 So.2d 599 (La.App. 1st Cir. 1980), writ denied 400 So.2d 211 (La.1981), this Court considered the question of whether to hold a hearing on a certificate of need issued to plaintiff’s competitor hospital (St. Bernard General Hospital) where the competitor had not been made a party to the suit.
We stated in Chalmette General Hospital: . .. Code of Civil Procedure Article 641 defines indispensable party and provides that no adjudication of an action can be made unless all indispensable parties are joined therein. This action questioning the validity of the certificate of need granted to St. Bernard would so directly affect the rights of St. Bernard and St. Bernard’s interests in the subject matter of this action are so interrelated that St. Bernard is an indispensable party. St. Bernard must be joined for a full and proper adjudication of this matter. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979); Dambre v. Fair 376 So.2d 626 (La.App. 4 Cir.1979). We remand these proceedings to the trial court to require St. Bernard General Hospital, Inc. be joined as an indispensable party. Id., 601.
Accordingly, we order that these proceedings be remanded to the trial Court to require Lifemark Corporation be joined as an indispensable party. La.C.C.P. art. 646.
In view of our remand, we pretermit consideration of the actions of the trial court other than to order that the dismissal be set aside, and that the suit be reinstated. NME is ordered to join Lifemark as a party defendant within fifteen days from the date that the judgment becomes final. If NME fails to join Lifemark timely, its suit shall be dismissed with prejudice at its costs.
Costs of this appeal are assessed against NME; all other costs are to await the final disposition of this suit.
REMANDED.

. This Court, on application for supervisory writs by Lifemark, ordered Judge Foil “to notice that the petition filed in the above captioned case fails to state a cause of action for which petitioner is entitled to relief and to dismiss the action.” We now rule that said order was improvidently rendered since the case was not in proper posture for such a ruling inasmuch as no party before the court had filed an exception of no cause of action or had sought the supervisory jurisdiction of this Court. Under the present posture of these proceedings, we do not reach the issue considered by Lifemark Corporation v. Guissinger, 416 So.2d 1279 (La.1982), as to whether NME can oppose the certificate of approval granted to Lifemark.