458 So.2d 955 (1984)
In re PROTEST OF the DOW CHEMICAL COMPANY.
No. 83 CW 0881.
Court of Appeal of Louisiana, First Circuit.
September 12, 1984.
*957 G. William Jarman, Baton Rouge, and Patrick W. Pendley, Plaquemine, for plaintiff-appellee Dow Chemical Co.
Michael R. Fontham and Sara Vance, New Orleans, for defendant-appellant James H. Dupont, Assessor Iberville Parish.
Robert H. Abbott, III, Baton Rouge, for defendant-appellee La.Tax Com'n.
Victor A. Sachse, III, Gordon A. Pugh, Van Mayhall, Jr. & David Cassidy, Baton Rouge, for exceptors-appellee Cosmar Inc., et al.
Before COLE, WATKINS, LANIER, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Dow Chemical Company protested to the parish Board of Review (LSA-R.S. 47:1931 and 47:1992) the ad valorem tax assessment of its properties situated in Iberville Parish, Louisiana. Upon the Board of Review maintaining the assessment, Dow appealed to the State Tax Commission under the provision of LSA-R.S. 47:1991. It then filed a request for the discovery of certain documents in the custody of the Assessor of Iberville Parish. The Assessor objected, and Dow filed a motion to compel inspection by Dow. The matter was set for hearing before the State Tax Commission. Dow sought the production of the following documents:
(1) All fair market value appraisals, and the source documents for such appraisals, of each parcel of improved and unimproved industrial land, as well as all comparable sales used in connection with these appraisals, for Dow and the other taxpayers in Iberville Parish.
(2) Fair market value appraisals, and the source documents of such appraisals, of all buildings located on improved industrial parcels in Iberville Parish as well as all documents furnished by each taxpayer to the assessor to aid in these appraisals for Dow and the other taxpayers in Iberville Parish.
(3) Fair market value appraisals, and the source documents of such appraisals, separately for each type of land improvement, for each improved industrial *957 parcel on (sic) Iberville Parish as well as all documents furnished by each taxpayer to the assessor to aid in these appraisals for Dow and the other taxpayers in Iberville Parish.
After oral argument by counsel for both Dow and the Assessor, the Tax Commission refused to order discovery of the above-mentioned documents in a well-reasoned ruling holding the documents to be irrelevant to a determination of Dow's assessment. Dow applied for review by the Nineteenth Judicial District Court which, after oral argument by counsel for Dow and the Assessor, reversed the holding of the Tax Commission on discovery and ordered that Dow be permitted to inspect the mentioned documents.
The documents sought to be discovered include basically the ad valorem tax returns of all industrial and industrial land taxpayers in Iberville Parish, including the supporting documents, the Assessor's work sheets and the other internal documents based upon these returns.
After a judgment of the District Court a group of some twelve industrial taxpayers in Iberville Parish filed an exception of non-joinder of indispensable parties, alleging that the documents sought contained confidential information and contending that all of the industrial taxpayers in the parish whose returns are sought to be examined are indispensable parties to the proceeding. No ruling upon the exception is to be found in the record.
The Assessor then applied to this Court for a supervisory writ of review, which we granted, in view of the novel issue presented in this case. After having reviewed the matter, we hold that the documents sought are not presently subject to discovery, and remand to the Tax Commission for consideration of the correctness of Dow's assessment.
The twelve industrial taxpayers of Iberville Parish filed a brief before us as amici curiae contending again that the documents sought would contain confidential information which was not subject to discovery.
The ad valorem tax returns filed by taxpayers contained the following caption: "CONFIDENTIAL; (R.S. 47:2327) FORMS FILED BY A TAXPAYER SHALL BE USED BY THE ASSESSOR, THE GOVERNING AUTHORITY, AND THE LOUISIANA TAX COMMISSION SOLELY FOR THE PURPOSE OF ADMINISTERING THIS STATUTE." Also relevant to the question of confidentiality is the language of LSA-R.S. 47:2327, referred to above, which reads as follows:
Forms filed by a taxpayer pursuant to this Act shall be confidential and shall be used by the assessor, the governing authority, and the Louisiana Tax Commission solely for the purpose of administering the provisions of this Act. Such forms shall not be subject to the provisions relative to public records as set forth in Title 44 of the Louisiana Revised Statutes of 1950, provided however, that such forms shall be admissible in evidence and subject to discovery in judicial or administrative proceedings according to general law relating to the production and discovery of evidence. (emphasis added)
The industrial taxpayers contend, as does the Assessor, that discovery by Dow of the documents sought would constitute a breach of faith in view of the language contained in the tax return, and would permit release of confidential information to a business or industrial competitor. They further contend that discovery of tax returns is permitted under LSA-R.S. 47:2327 only in proceedings to which the taxpayer is a party. Dow contends that under the general rules of evidence, these matters are not barred from discovery and that, as the provisions of LSA-R.S. 47:2327 apply to administrative as well as judicial proceedings, it is not contemplated that discovery be limited to proceedings to which the taxpayers are parties.
We must first consider, before arriving at the merits, the question of whether or not the Tax Commission had appellate jurisdiction of an individual assessment and, if that be so, whether or not the Nineteenth *958 Judicial District Court had jurisdiction to review the question of discovery, which all parties agree is an interlocutory matter.
As to the first jurisdictional contention of the Assessor, that the Tax Commission is without jurisdiction to review the correctness of the assessment of an individual taxpayer within a parish, such an appeal by an individual taxpayer from the Board of Review is clearly permitted by LSA-R.S. 47:1992(D).
Dow sought to raise two basic issues before the Tax Commission, as its brief to this Court in paraphrase states: (1) the correctness of the assessment of Dow's property, i.e., whether the Assessor properly arrived at the fair market value of Dow's property; and (2) whether the Assessor has uniformly assessed Dow's property with that of other taxpayers similarly situated.
Counsel for Dow appears to concede that the documents sought to be discovered are relevant only to the issue of lack of uniformity and states that refusal of the Tax Commission to permit discovery amounts to a de facto dismissal of all parts of this case involving the issue of uniformity, thus constituting irreparable injury.
LSA-R.S. 49:964(A), which is found in the Administrative Procedure Act (49:950 et seq.) reads as follows:
A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
Thus, under the second sentence of Section 964(A) a procedural ruling of an administrative agency, such as the Tax Commission, is subject to review by the district court if delay to final ruling would inflict irreparable injury. If we assume for purposes of argument that denial to Dow of the information sought would jeopardize its attempt to substantiate its allegations of lack of uniformity in assessment, then we must conclude that a possibility of irreparable injury to Dow indeed existed. Hence, the district court had jurisdiction of the matter.
As we have stated, Dow contends that its property within Iberville Parish was not assessed at fair market value and further, that its property in that Parish was denied uniformity of assessment with similar industrial properties.
The tax returns of other industrial taxpayers would be of no possible relevancy to the Commission's determination of whether or not Dow is assessed at fair market value. The sole issue that might require Dow's examination of the information sought is denial of uniformity. Denial of uniformity in the form of underassessment of other taxpayers is indeed a denial of equal protection and due process and may validly be urged in a complaint of a taxpayer as has long been recognized by the courts of this land, both state and federal. But to establish an unconstitutional denial of unformity in the form of underassessment of other taxpayers, a pattern of underassessment must be alleged and proven. See, e.g. Southern Ry. Co. v. Watts, 260 U.S. 519, 43 S.Ct. 192, 67 L.Ed. 375 (1923); Louisville and Nashville Railroad Co. v. Public Service Commission, 631 F.2d 426 (6th Cir.1980); Southland Mall v. Garner, 455 F.2d 887 (6th Cir.1972); Annot., 9 ALR 4th 428 (1981), Tax Assessment, Standing to Challenge.
Dow has not specifically asserted an argument of denial of equal protection or due process in brief before this Court. We have little doubt that, if substantiated, a complaint of unconstitutional denial of uniformity would necessitate the inspection of some of the documents sought so that Dow could prove its case. However, Dow *959 in its formal pleadings, which consisted of a complaint to the Tax Commission made on a form supplied by the Commission, and a motion to compel inspection of documents also filed before the Commission, failed to indicate any factual basis in support of its broad assertion of lack of uniformity. Dow became somewhat more specific in oral argument before the Commission, but even here its argument failed to focus upon specific instances of alleged denials of uniformity to a sufficient degree to satisfy the court that Dow is not simply embarking upon a "fishing expedition". To permit each taxpayer to challenge assessments on the basis of vague allegations of denial of statutory or constitutional rights and then seek to obtain tax records to determine the correctness vel non of such allegations would place the assessor and the tax collecting authority at the mercy of any discontented taxpayer who might seek to raise the spectre of alleged denial of constitutional rights. The disclosure of confidential information, as the information sought clearly is, is to be permitted only upon clear representation by the would-be discoverer of the nature of the information that it seeks, and why it believes that the information it seeks is essential to the proceeding in which discovery is sought. Broad hints of impropriety, such as denial of uniformity of assessment, are insufficient to remove the protection that courts should give in the realm of discovery to matters declared confidential by law. A pattern of lack of uniformity must be asserted to allege a denial of constitutional rights. Further, the denial of uniformity must have been intentional, although intent may be inferred from a systematic lack of uniformity. See Southern Ry. Co. v. Watts, supra; Louisville and Nashville Railroad Co. v. Public Service Commission, supra; Southland Mall v. Garner, supra. To obtain the production of the documents sought, an intentional denial of uniformity must be shown sufficient to overcome the general protection given confidential documents. As the Fourth Circuit said in Bianchi v. Pattison Pontiac Co., 258 So.2d 388, 390 (La.App. 4th Cir.1972), in holding income tax returns of an automobile dealer not to be discoverable: "Whenever it is urged that the unrestricted use of the discovery process may result in undue hardship, loss or damagemonetary or otherwisethe trial judge shall resolve all reasonable doubts in favor of the party against whom it is invoked and liberally apply the protective devices authorized by LSA-C.C.P. art. 1452." As the broader opinion makes clear, confidential matters are discoverable only if the would-be discoverer overcomes the doubts raised by the opposing party as to the real need for discovery. In the present case, the need for discovery is not sufficiently demonstrated to overcome the opposing considerations of substantial inconvenience to the assessor and harm to other taxpayers that disclosure of confidential information would in all likelihood produce. To allow unlimited discovery solely on factually unsupported general allegations would render the confidentiality of the records meaningless. We reserve the right of Dow to apply again to the Tax Commission should it more fully allege a factual basis underlying its claim of lack of uniformity. For the moment, we deny discovery.
As we have stated, twelve industrial taxpayers in Iberville Parish filed an exception of non-joinder of indispensable parties in district court. We know of no provision of law permitting a person not a party to a proceeding to file an exception, although we are free to notice an exception of non-joinder of an indispensable party on our own motion. LSA-C.C.P. art. 927. Cf. National Medical Enterprises v. Guissinger, 432 So.2d 367 (La.App. 1st Cir. 1983). However, we do not think that the twelve industrial taxpayers have sufficient interest in the ultimate relief sought by Dow, a lowering of Dow's assessment, to be indispensable parties to the present litigation. We reserve their right to intervene on the issue of discovery and to obtain a protective order limiting Dow's discovery within reasonable limits should Dow succeed subsequently in obtaining a discovery order.
*960 The judgment of the district court is reversed, all rights being reserved to Dow Chemical Company to obtain discovery of some or all of the information herein sought should Dow Chemical Company sufficiently demonstrate a basis of such discovery. The case is remanded to the Tax Commission for further proceedings consistent with this opinion. All costs shall be paid by Dow Chemical Company.
REVERSED AND REMANDED.