DUFRESNE, Judge.
This is a suit by the Mayor of the City of Harahan, Parish of Jefferson, contesting the validity of a proposed election to recall him. The district court dismissed his petition for failure to state a cause of action. The Mayor has appealed.
Because our Supreme Court held, on a previous writ application, that this matter is subject to the procedural provisions of the Louisiana Election Code, we have granted an expedited hearing and have rendered our opinion within the applicable time limitations. See LSA-R.S. 18:1409.
*352 PROCEDURAL BACKGROUND
On October 27, 1987, Citizens for a Better Harahan, Inc., a Louisiana corporation, filed with the Jefferson Parish Registrar of Voters a petition to recall Gary M. Boug-ere, Mayor of the City of Harahan. On November 4, 1987, the Registrar certified the petition as valid. Subsequently the Governor set the recall election for January 16, 1988.
On November 6, 1987, Mayor Bougere filed a suit against the Governor, the Secretary of State and the Commissioner of Elections for the State of Louisiana, challenging the validity and legality of the recall procedure and the certification of the recall petition. The Mayor requested an injunction prohibiting the defendants from proclaiming, ordering, conducting and/or coordinating a recall election directed against him. At the Mayor’s request, the district court issued a temporary restraining order and set the matter for trial on January 22, 1988.
On November 10, 1987, Citizens for a Better Harahan, Inc., filed a petition of intervention and the district judge signed an ex parte order granting leave to intervene. On the same date, the Intervenor filed an ex parte motion to set the matter for expedited trial pursuant to the Louisiana Election Code, specifically LSA-R.S. 18:1401-1413. The district court granted the motion and set the trial for 10:00 a.m. on November 12, 1987.
The Mayor filed an exception of no right of action to the intervention, on the ground that a corporation, because it is not a member of the electorate, has no right to file a recall petition or to intervene in an action challenging the validity of a recall petition. He also filed a motion to rescind the order setting the trial for November 12th, contending that the provisions of the Election Code do not apply to this suit.
At the hearing on the exception and motion on November 12th, the Intervenor orally moved to amend its petition to add as intervenors two individuals who are Hara-han voters (Tony Giambelluca, Chairman of Citizens for a Better Harahan, Inc., and Don Ludlow, Vice-Chairman of that organization); the district judge allowed the oral amendment. (The intervenor filed a written supplemental and amending petition the next day, formally adding Giambel-luca and Ludlow as intervenors.)
The judge dismissed the Mayor’s exception of no right of action to the intervention and denied his motion to rescind the trial setting, but issued an order directing the Registrar of Voters to allow the Mayor’s attorney to review the records relating to the recall petition the same day. The judge set the trial for the following day, November 13, 1987.
The Mayor immediately filed a writ application with this Court, requesting a stay of the trial pending determination of the application and asserting that R.S. 18:1406 (requiring the expedited hearing) does not apply to this suit. We granted the stay order (No. 87-C-789, November 12, 1987) and issued a ruling on the merits of the writ on the following day.
Relying on Page v. Madere, 472 So.2d 595 (La.App. 5 Cir.1985), we held that R.S. 18:1406 does not apply to this suit because it is a pre-election challenge, but that the matter must be heard with dispatch rather than waiting until the original trial date of January 22, 1988. We remanded the case to the trial court, ordering the judge to schedule a hearing on the Mayor’s request for a preliminary injunction within ten days of the order setting the date.
On November 13th, the district judge set the matter for trial on November 16th. On that day, however, the Intervenors filed a writ application in the Supreme Court and the matter was continued to November 23rd by agreement of all counsel.
On November 20, 1987, the Supreme Court issued the following order:
“Writ granted in part and denied in part. The Court of Appeal was correct in ordering that the matter be tried with dispatch and in remanding the matter to the trial court for the re-scheduling of trial. Their essential holding, that La.R.S. 18:1406 does not apply to this matter, and their application of Page v. Madere, 472 So.2d 595 (5th Cir.1985), is reversed. *353 La.R.S. 18:1300.17 as amended by Act 669 of 1986 unambiguously and specifically provides that the procedural provisions of the Election Code apply to situations similar to the one presented here, i.e. the right to contest the recall of an elected official or any proceeding in relation thereto.”
On November 12th, the original inter-venor had filed a pleading entitled “peremptory exception to rule nisi,” alleging the Mayor’s petition discloses no cause of action because it fails to allege that, except for the irregularities complained of, the recall petition could not and would not have been certified. The substituted intervenors subsequently filed a similar “peremptory exception to rule nisi,” reasserting the ground stated in the original exception and also asserting that the Mayor’s petition did not state a cause of action because “its allegations are general.”
On November 23rd, the district judge granted the Intervenors’ exception of no cause of action, at the same time refusing the Mayor’s oral motion to amend his pleadings. It is that judgment the Mayor appeals.
In written reasons for judgment rendered after this appeal was lodged, the judge stated he had maintained the exception of no cause of action because the May- or failed to allege in his petition that but for any irregularities or fraud in the election the result would have been different and because he felt the Mayor’s petition failed to set forth in specific detail the facts upon which his objections are based.
The judge further stated he had denied the Mayor’s oral request to amend the petition because he felt the Mayor had failed to show good cause for the amendment; he also felt “in the interests of justice the Court believes it would be unfair and improper to expect Defendants and Inter-venors to prepare a defense to amended charges in such a short period of time.” In addition, the judge stated the plaintiff had been aware of the pending exception of no cause of action since November 12, 1987, but took no steps thereafter to amend his petition until after the court maintained the exception on November 23, 1987.
REQUIREMENTS OF THE ELECTION CODE
LSA-R.S. 18:1300.17 provides that a public officer whose recall is sought has the right to contest the recall or any proceedings relating thereto for fraud or other illegality, and that the procedural provisions of Chapter 9, Part I, of the Election Code apply. Chapter 9 of the Election Code deals with contests and challenges; Part I (LSA-R.S. 18:1401-1414) prescribes the procedure for objections to candidacy and election contests.
Under R.S. 18:1401, a candidate who alleges that, except for substantial irregularities or error, or except for fraud or other unlawful activities in the conduct of the election, he would have qualified for a general election or would have been elected may bring an action contesting the election.
R.S. 18:1406 establishes requirements for the petition, answer and notification. Sub-paragraph B provides,
“The petition shall set forth in specific detail the facts upon which the objection or contest is based. If an action contests an election, the petition shall allege that except for substantial irregularities or error, fraud, or other unlawful activities in the conduct in the election, the petitioner would have qualified for a general election or would have been elected. The trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice.”
R.S. 18:1414 states that any procedural matter not specifically provided for in the Election Code shall be governed by the Code of Civil Procedure.
APPLICATION OF LAW TO FACTS
In his petition for injunction, the Mayor made the following factual allegations:
(1) That the Registrar had refused to provide him with a copy of or access to the recall petition;
(2) That when the Registrar provided such copies, he provided only a few *354 pages at a time, when the total petition was in excess of 350 pages;
(3) That certain pages were never made available to Bougere;
(4) That the Registrar refused to make available a complete copy of the recall petition;
(5) That the Registrar had certified on the petition names that were signed differently from signatures on the voter registration applications, names in different handwriting from signatures on the registration applications, names that were not signed by the person whose name appears, names that appear more than one time on the petition but were certified as separate signatures by the Registrar, names of persons who do not reside in the voting area, and names of persons who had requested their names to be stricken from the petition.
(6) That other signatures on the recall petition had been obtained through illegal and irregular means, including harassment of persons in the voting area, intentional misrepresentation of facts to persons in the voting area, and declaration and publication of deceptive, untrue and defamatory statements concerning the Mayor;
(7) That the Registrar had illegally allowed members of the recall drive to assist him in the performance of his official duty to certify the recall petition;
(8) That the Registrar accepted gifts from members of the recall drive during the certification period, in violation of La.R.S. 42:1115(B); and
(9) That the Registrar accepted and acted upon requests of the recall committee for discriminatory purges of voter registrations within the voting area.
In ruling that the Mayor had failed to state a cause of action, the district judge relied on the requirements of R.S. 18:1401 and R.S. 18:1406 that a candidate contesting an election must allege he would have won except for the alleged fraud or irregularities. The judge attempted to analogize this situation to an election contest.
We find the judge was clearly wrong in his application of the law to the facts here. First, the language of both R.S. 18:1401 and R.S. 18:1406 specifically limits that requirement to a candidate who is contesting an election. Here, the Mayor is not contesting an election, but attempting to prevent an allegedly fraudulent election from taking place. There are other actions governed by the Election Code that are not election contests, in which an allegation that a candidate would have won but for the asserted irregularities is meaningless. The allegation would add nothing to this case, in which the Mayor is challenging not the election itself, but the means employed by the recall backers in obtaining signatures to the recall petition and also the certification of the petition by the Registrar of Voters.
Further, under R.S. 18:1300.17 this case is subject to the procedural provisions of the Election Code relating to election contests, but it is not necessarily subject to the substantive provisions. The allegation in question relates to the substance of a contest, not to the procedure.
Nor is there merit in the tidal judge’s ruling that the Mayor’s allegations failed to set forth the facts in specific detail. The petitioner is not required to list in his initial petition each and every name challenged. See Garrison v. Connick, 291 So.2d 778 (La.1974). Further, given the allegations in his petition that he was prevented or hindered in inspecting the recall petition, it obviously would have been impossible at that time for the Mayor to list exact names and numbers of persons whose signatures he challenged.
Although we rule that the petition did state a cause of action, we also find the trial judge committed a gross abuse of discretion in refusing to allow the Mayor to amend his petition. First, that refusal stands in stark contrast to the judge’s action at the November 12th hearing, in which he allowed to corporate intervenor to orally amend its petition to add two natural persons as Intervenors (without which the intervention would have had to be dismissed). We can find no valid reason for the judge’s refusal to allow the same courtesy to the Mayor.
Secondly, although the judge stated that the Mayor had failed to show “good cause” *355 to amend, the bare allegations of his original petition alone establish good cause. If the fraud and other illegalities alleged by the Mayor took place, he is entitled to his day in court, in the interests of justice. We find hardly credible the judge’s reasoning that “it would be unfair and improper to expect the defendants and intervenors to prepare a defense to amended charges in such a short period of time,” when the judge has at the same time dismissed the Mayor’s suit for his inability to prepare his petition without adequate discovery.
Further, a party is not required to amend his petition until it has been ruled not to state a cause of action. Thus, the district judge’s implication that the Mayor should have amended his petition as soon as the Intervenors filed their exception of no cause of action is without basis in the law.
DECREE
For the foregoing reasons, the judgment of the district court is reversed and the matter is remanded for a hearing on the merits in accordance with the Election Code, as mandated by the Supreme Court. The trial judge is ordered to allow the plaintiff opportunity to amend his petition if the plaintiff desires to do so. The costs of this appeal are to be paid by the appel-lees.
REVERSED AND REMANDED WITH ORDER.