WICKER, Judge.
Mary Hotard Becnel, Dowie Gen-dron, Gene Fuselier and Joseph B. Hall appeal the dismissal of their petition to recall Gary Keating, a school board member. Since this matter involves the appeal of a dismissal of appellants’ petition to compel certification of their recall petition and to compel a recall election to be held, this Court must render judgment within twenty-four (24) hours following submission of the case. Bougere v. Edwards, 514 So.2d 1171 (La.1987); Bougere v. Edwards, 517 So.2d 351 (La.App. 5th Cir.1987), La.R. S. 18:1406. We have granted an expedited hearing and have rendered our opinion within the applicable time limitations. See La.R.S. 18:1409.
The plaintiffs are among the signers of a recall petition seeking to remove Gary Keating from his position as St. John the Baptist School Board representative from District Three. Six hundred ninety-one signatures were required (thirty-three and one-third percent of the two thousand seventy-three registered voters in the district) for the petition, and nine hundred sixty-five names were obtained. The plaintiffs submitted the recall petition to the Registrar of Voters for certification.
After submission, three hundred fifty-one voters sent written requests to Betty T. Madere, the Registrar, to have their names removed from the recall petition. Madere removed two hundred seventy-six names from the petition as a result of these requests and disqualified an additional ninety-eight of the original signatures. The removal of these names from the petition to recall resulted in Madere’s noting that the petition had failed by sixty-seven votes.
Gendron came into Madere’s office while she was in the process of removing signatures from the petition and asked for copies of these written removal requests. Madere, not having a copier in her office, permitted him and his companions to take them across the hall to the office of the Clerk of Court for copying.
The plaintiffs, under the provisions of La.R.S. 18:1300 et seq., then sued Madere; John Crum, the District Attorney; and the State of Louisiana, including Charles Roemer, the Governor; Fox McKeithen, the Secretary of State; and Jerry Fowler, the Commissioner of Elections. They sought to compel certification of their recall petition and to compel a recall election. They alleged that many of the ninety-eight names removed were valid and attached affidavits from twenty of the people whose names were removed. In addition, they asserted that “all or many” of the two hundred seventy-six written requests for removal were illegitimate and fraudulent and attached eighty-one affidavits to that effect. They also attached Madere’s written notice that the recall petition had failed. They asked for summary proceedings, and the trial judge ordered a show cause hearing on why the recall petition should not be certified.
The day before the hearing was set, Keating filed exceptions of non-joinder of indispensable party, alleging that under La. R.S. 18:1402, the person whose candidacy is objected to is a proper party, and asking for dismissal of plaintiffs’ demands; and of vagueness or ambiguity. He also filed three exceptions of no right and no cause of action, alleging a failure to challenge the recall petition timely, a failure to send the petition to the Secretary of State and Governor in accordance with La.R.S. 18:1300.-2(C), and an invalidation of the recall petition by its removal from the registrar’s office prior to its certification.
The trial judge initially found, after arguments by both sides, that Keating was a defendant in the case though he had filed *389 nothing but his exceptions. He then moved on to consideration of Keating’s exceptions of no cause of action, his other exceptions apparently not being considered. Several witnesses were allowed to testify to the circumstances surrounding Gendron’s copying of the removal requests. The trial judge found as a matter of fact:
Because no matter how you cut it this is an election contest, and where the essence of the contest, very heart and core of the contest, the petition of recall, and primarily the list of those people who signed for the recall after being placed with the Registrar of Voters and made a public record, to allow it to be taken by, by a plaintiff in the recall petition out of the office of the Registrar of Voters without supervision of the Registrar of Voters or an Assistant Registrar of Voters, takes the recall petition, whether there was any harm, injury, or anything done, takes it to the affect (sic) that this Court must say that the recall petition is tainted, faulty, and must be dismissed.
He then dismissed plaintiffs’ petition to recall.
Appellants now urge the following specifications of error:
1. The trial court erred in finding that Gary Keating was a proper party defendant in this action;
2. The trial court was in error in ruling that the removal of the requests for removal from the Registrar’s Office tainted the recall petition in any way;
3. The trial court erred in finding that the requests for removal were a part of the recall petition;
4. It was error for the trial court to fail to hold that Mr. Gendron was not an agent or assistant of the Registrar of Voters at the time of the copying of the documents, and
5. It was error for the trial court to find that the removal and copying of the requests for removal so tainted them that the entire recall petition should be dismissed.
In the present posture of this case, we are not called upon to review a decision of the trial court on the merits of appellants’ petition to compel. Rather, we are limited to a review of the trial court’s dismissal of the proceedings pursuant to granting a peremptory exception of no cause of action.
Although the trial court determined Keating was a party who had standing to file exceptions, our review of the record reflects that Keating was not a named defendant in the suit. In addition, he filed no petition for intervention. Keating had no standing to urge the exception of no cause of action. La.C.Civ.P. Art. 1091; National Medical Enterprises v. Guissinger, 432 So.2d 367 (La.App. 1st Cir.1983).
We do not agree that Keating is an indispensable party to these proceedings. We do find that he is a necessary party since his “interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose join-der would be necessary for a complete adjudication of the controversy.” La.C.Civ.P. art. 642. The proper mechanism for bringing his interest in the outcome before the court is by way of intervention.
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
[[Image here]]
(3) Opposing both plaintiff and defendant.
La.C.Civ.P. art. 1091. Incidental actions such as an intervention cannot be initiated by filing exceptions but must be commenced by petition. La.C.Civ.P. art. 1031, 1032.
Keating’s right to contest a recall election is governed by La.R.S. 18:1300.17 which provides:
Nothing contained in this Chapter shall be construed to deny to any public officer recalled, or whose recall is sought, the right to contest the recall, or any proceedings in relation thereto, in any court of competent jurisdiction, for fraud or other illegality. The procedural provisions of Chapter 9, Part I, of this Code *390 shall be applicable to such actions. [Emphasis added.]
Chapter 9, Part I of the Election Code is contained in La.R.S. 18:1401-1414. La.R.S. 18:1402(C) only requires the secretary of state and the commissioner of elections to be indispensable parties. It specifically states:
The secretary of state and the commissioner of elections shall be indispensable parties defendant to any action contesting an election for public office for the purpose of giving the trial court jurisdiction over those officers insofar as the judgment of the court affects the ministerial duties of those officers. When named as defendants as provided in this Subsection, costs of court shall not be assessed against these officers. [Emphasis added.]
Keating is allowed to intervene in the action, however, pursuant to La.R.S. 18:1300.17 and 1402(B). 1402(B) provides:
Any candidate in an election which is contested shall be a proper party to and shall have standing to intervene in the action contesting the election.
Accordingly, this matter must be remanded to allow Keating the opportunity to intervene and to reurge any exceptions and/or defenses he deems appropriate.
Although the trial court erred in concluding that Keating was a party to the proceeding, nevertheless he could notice the failure to state a cause of action on his own motion. La.C.Civ.P. Arts. 926 and 927; Talley v. Hughes, 481 So.2d 172 (La. App. 4th Cir.1985); Amoco Production Company v. Carruth, 457 So.2d 797 (La. App. 1st Cir.1984).
The trial court erred in considering evidence on an exception of no cause of action. In Darville v. Texaco, Inc., 447 So.2d 473, 474-75 (La.1984) our Louisiana Supreme Court stated:
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. [Citations omitted]. The general rule is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings.
Furthermore, we have held in accordance with La.Code Civ.P. Art. 931 that “[evidence is not allowed to support or controvert the objection [of no cause of action].” Succession of Ziifle, 441 So.2d 266, 271 (La.App. 5th Cir.1983), writ denied 442 So.2d 473 (La.1983). We hold that the petition alleges facts sufficient to state a cause of action.
Even though the trial judge admitted testimony on the no cause of action issue, we have reviewed the transcript and find the evidence does not support the dismissal. The trial court dismissed the recall proceeding based upon its finding that permissive removal of the requests from Mad-ere’s office to make photostatic copies, without more, tainted the recall petition. We hold that the opportunity for tampering is insufficient to warrant invalidating the recall procedure absent evidence of tampering or some illegal action.
We analogize the factual scenario of this case to that of Fitzmorris v. Lambert, 382 So.2d 169 (La.App. 1st Cir.1979), writ denied 384 So.2d 793 (La.1979) involving alleged irregularities in voting procedures. In Fitzmorris, supra at 174 the court held:
We think that, before any determination of serious irregularities can be made, it is necessary that evidence be produced as to all elements of the voting procedure, and as to all of the documents relating to the precinct involved. A showing that a machine was not properly sealed is no ground for disallowing the votes cast therein unless other factors indicate some illegal action or tampering. The same would be true as to differences between the public and protective counters, with no other evidence of impropriety adduced. It is within these guidelines *391 that we will consider the evidence in this case.
DECREE
For the foregoing reasons, we reverse the judgment of the trial court dismissing appellants’ petition to compel certification of their recall petition and to compel a recall election and remand the case to the trial court for further proceedings in accordance with law.
It is further ordered that Gary Keating be allowed to intervene in these proceedings pursuant to the provisions of La.R.S. 18:1300.17; La.R.S. 18:1402(B); La.C.Civ.P. Arts. 1031, 1032, and 1091.
REVERSED AND REMANDED WITH ORDER.