580 So.2d 485 (1991)
Wilson P. ABRAHAM and Torre Realty and Investment Company
v.
Kenneth M. CARTER, in his Capacity as Assessor, First Municipal District, Parish of Orleans, and Walter O'Brien, Tax Collector for the Parish of Orleans.
No. 90-CA-0992.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
*486 Dymond, Crull & Castaing, F. Irvin Dymond, New Orleans, for appellant.
Dan Zimmerman, Deputy City Atty., William Aaron, Jr., Chief Deputy City Atty., Okla Jones, II, City Atty., New Orleans, for appellees.
Before KLEES, BRYNES, and WILLIAMS, JJ.
BYRNES, Judge.
Plaintiffs, Wilson P. Abraham, and Torre Realty and Investment Company (collectively "Mr. Abraham"), appeal the trial court's decision, rendered in accordance with the court commissioner's recommendation, maintaining the exception of prescription of Kenneth M. Carter, Assessor, and Walter O'Brien, Tax Collector. The judgment ordered the dismissal of plaintiffs' petition challenging the legality and correctness of the property tax assessment upon their property, Loew's State Theatre. We affirm.

ASSIGNMENTS OF ERROR
Plaintiffs contend that the trial court erred in failing to find that: (1) plaintiffs were denied equal protection and due process because their property was overvalued by the assessor when comparable property of the same class was undervalued; (2) the statute was illegal because it denied plaintiffs equal protection and due process; (3) the assessor's overvaluation of plaintiffs' property was an illegal act; and (4) the overvaluation of plaintiffs' property constitutes an attack on the legality of the assessment rather than on the correctness thereof.

FACTS
Mr. Abraham sued Assessor Carter to reduce the assessment on the property known as Loew's State Theatre to its actual cash value. Mr. Abraham alleged that Assessor Carter overvalued the property with an assessment of $1,507,000.00, which exceeds what is legally permissible by $226,000.00. Mr. Abraham also alleged that comparable properties of the same class in the City are assessed at lower figures than Loew's State Theatre.
Mr. Abraham paid the taxes in question, under protest, on June 19, 1986 and filed suit seeking their refund on the overassessment of $226,000.00 on the same day. Assessor Carter filed an answer and reconventional demand, as well as a peremptory exception of prescription. The trial court referred the case to Commissioner Rivet who maintained the plea of prescription and recommended dismissal of Mr. Abraham's suit. On April 16, 1990, the trial court rendered judgment in accordance with the report of Commissioner Rivet. Mr. Abraham appeals that judgment.

SCOPE AND COURSE
In Mr. Abraham's fourth assignment of error, he contends that the trial court erred in not holding that an attack on the overvaluation of petitioners' property, as opposed to the undervaluation of property *487 of the same class, constitutes an attack on the legality of the assessment rather than on the correctness. The trial court affirmed the commissioner's holding that Mr. Abraham's petition set forth a "correctness" rather than a "legality" claim. A "correctness" claim is governed by La. R.S. 47:1998, mandated by La. Const. Art. 7, Section 18, whereas a "legality" claim is governed by La.R.S. 47:2110. Louisiana R.S. 47:1998 requires that the plaintiffs submit to administrative procedures to change their tax valuation before entertaining a judicial remedy. The administrative procedures authorize the taxpayer to appeal the assessor's tax valuation to a Board of Review. La.R.S. 47:1992(c). A dissatisfied taxpayer may appeal the Board of Review's decision to the Louisiana Tax Commission. La.R.S. 47:1989. Only after the Louisiana Tax Commission renders a decision may the dissatisfied taxpayer seek review in Civil District Court. La.R.S. 47:1998. Basing his argument on an illegality claim, Mr. Abraham followed La. R.S. 47:2110 which allows for filing within thirty days after payment under protest of the tax due. However, Mr. Abraham did not question the method of enforcement of the property taxation. Mr. Abraham, in the pleadings, complains that the assessments are unequal and not uniform relative to assessments of similarly situated property within their class. Also, Mr. Abraham states in the pleadings that the overvaluation of the property, compared to the undervaluation of similarly situated property is in violation of due process and equal protection.
In Westminster Management Corp. v. Mitchell, 525 So.2d 1171 (La.App. 4th Cir. 1988), cert. denied 489 U.S. 1018, 109 S.Ct. 1137, 103 L.Ed.2d 197 (1989), this court considered the argument presented by Mr. Abraham. This Court stated:
"`Correctness' includes both the standards of true value and the uniformity and equality required by law. The achievement of both is the goal, the absence of either creates incorrectness. That uniformity and equality are given higher priority than true value does not make an attack on the former rather than the latter something other than a challenge for `correctness.'" id. at 1173.
Also see Lowrey Chevrolet, Inc. v. Brumley, 510 So.2d 1294 (3rd Cir.1987).
However, Mr. Abraham contends that the U.S. Supreme Court case of Allegheny Pittsburgh Coal Co. v. County Commission, 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989) distinguishes the Westminster decision. We can not agree. In Allegheny, the county tax assessor valued plaintiffs' property at the basis of its recent purchase price, in contrast to the assessors' using previous assessments for other similarly situated property. This valuation with minor modifications resulted in gross disparities of assessments between the plaintiffs' property and the other similarly situated property. The plaintiffs complained that their property was assessed at roughly eight times greater than that of comparable property. The plaintiffs did submit to the administrative procedures, to no avail, before seeking judicial action. The procedure used by the county tax assessor for equalizing assessments of property within similar classes would not halt the plaintiffs' disparity within a reasonable time.
Mr. Abraham's claim does not coincide with the situation that the plaintiffs faced in Allegheny. Mr. Abraham's petition, as stated in the plaintiffs' brief, states two challenges: to the correctness and to the constitutionality of the assessment. As Mr. Abraham states the petition contains a "correctness" challenge, this challenge should have been filed according to La.R.S. 47:1998. Mr. Abraham's second challenge for uniformity and equality is also a correctness challenge controlled by La.R.S. 47:1998, under La. Const. Art. 7 Section 18 as construed by Westminster, id. and Lowrey, id. Although the record reflects Mr. Abraham's property has been overvalued and overassessed, Mr. Abraham contends the valuation of $2,407,000.00 should be lowered to reflect the fair market value of $900,000.00, thus lowering the assessment from $361,000.00 to $135,000.00; however, the district court was powerless to hear the *488 suit unless Mr. Abraham complied with the established administrative procedures first. Therefore the trial court did not err in granting the exception of prescription, and dismissing Mr. Abraham's suit.
In Mr. Abraham's first and third assignments of error, Mr. Abraham contends the trial court erred in not holding that the relative undervaluation of comparable property denies the party whose property is of the same class and overvalued by the assessor the equal protection of the law and due process as guaranteed by the State and Federal Constitutions. Also, Mr. Abraham contends the overvaluation stated above is an illegal act under these constitutions.
"Denial of uniformity in the form of under-assessment of other tax payers is indeed a denial of equal protection of a tax payer as has long been recognized by the courts of this land, both state and federal. But to establish an unconstitutional denial of uniformity in the form of under-assessment of other tax payers, a pattern of under assessment must be alleged and proven.... Annot, 9 ALR 4th 428 (1981), Tax Assessment, Standing to Challenge." In re Protest of Dow Chemical Co., 458 So.2d 955, 958 (La.App. 1st Cir.1984).
The court in Dow Chemical Co., id, refused the plaintiff's constitutional claim because the plaintiff "failed to indicate any factual basis to support its broad assertion of lack of uniformity." Id. at 959. Mr. Abraham as represented by the record, also failed to indicate any factual basis for its constitutional claim of lack of uniformity of assessments and valuations other than listing an unnamed property in its petition, which plaintiffs contended was undervalued, and under assessed. In Allegheny the plaintiffs indicated the disparity of assessments had occurred over a length of time consisting of ten years. Mr. Abraham challenged the disparity of assessments for only two years, 1985 and 1986. Because Mr. Abraham failed to indicate a factual basis for a claim of lack of uniformity of assessments and valuations over any significant length of time, the record does not support a constitutional claim. Therefore the trial court did not err in finding that Mr. Abraham failed to state a constitutional claim.
In his second assignment of error, Mr. Abraham contends the trial court erred in not holding that statutes which deny a party the equal protection of the laws of due process and equal protection as guaranteed to him by the State and federal constitutions are illegal. The statutes in question do not deny a party their constitutional rights. La.R.S. 47:2110 allows for constitutional claims to be directed immediately to the district court. La.R.S. 47:1998 directs correctness claims to administrative proceedings. Westminster, id., Lowrey, id; Liquidating Com'rs of New Orleans Warehouse Co. v. Marrero, 106 La. 130, 30 So. 305 (1901). Claims challenging the correctness of an assessment should go to the forum more suited to hear them, and only if the party is still aggrieved by the governing authority, need it seek a judicial remedy. Claims challenging the constitutionality of an assessment are not required to be heard by the governing body forum to whom the tax payer charges the grievances. Those claims are directly brought to Civil District Court under La.R.S. 47:2110. Since this court has already concluded that the trial court did not err in finding that Mr. Abraham did not support a constitutional claim, Mr. Abraham was neither denied the equal protection of the laws, nor was Mr. Abraham denied due process, because the Louisiana statute establishes administrative procedures for claims of correctness of tax assessments. Thus the trial court did not err in not finding the statute in question to be illegal.
Mr. Abraham did not indicate a factual basis in the record to support a constitutional claim. The trial court did not err in finding that Mr. Abraham's claim for correctness has prescribed under La.R.S. 47:1998. For the foregoing reasons, we affirm with costs assessed against appellants.
AFFIRMED.