LEAR, Judge.
Allied Chemical Corporation, a New York corporation authorized to do and doing business in this state, and its wholly-owned subsidiaries, Allied Chemical Company and Union Texas Petroleum Company (hereinafter collectively referred to as “Allied”) own and operate a chemical manufacturing facility located in Iberville Parish within an industrial area created pursuant to LSA-R.S. 33:130.11, et seq. Allied claims a statutory exemption from taxation under the provisions of LSA-R.S. 33:130.18, and other industrial inducement statutes.
Allied claims its property is wholly within Waterworks District No. 2. On August 19, 1980, the police jury of Iberville Parish authorized Waterworks District No. 2 to incur debt and issue bonds to the amount of $1,500,000.00. The bonds were designated as general obligation bonds payable from ad valorem taxes to be levied and collected from all property within the waterworks district. They were approved by the voters of the district in a special election, and the results were properly promulgated on November 13, 1980. In order to protect and assert their exemption from taxation under the above mentioned statutory provision, plaintiffs filed suit against the waterworks district under the provisions of LSA-R.S. 18:1281, et seq., claiming that the ad valo-rem tax to be imposed in support of the bonds is illegal. The basis for plaintiffs’ claim is that the taxing resolution specifies that “all property” within the waterworks district will be taxed, that this violates their statutory exemption, and that the tax which supports the bonds is therefore invalid.
Defendants, Iberville Parish Police Jury and the Board of Commissioners of Iberville Parish Waterworks District No. 2, filed a peremptory exception of no right and no cause of action, arguing that the validity of the bonds and the supporting tax proposition at issue may be contested only under the provisions of LSA-R.S. 13:5121 through 5130. Defendants further claim that since plaintiffs have failed to utilize that procedure within the peremptive period of sixty days, they are forever barred from attacking the validity of the bonds by Article VI, Section 35(A), of the Louisiana Constitution of 1974.
*411 The trial court, without written reasons, sustained the exception and dismissed plaintiffs’ suit. Plaintiffs then appealed. We affirm.
Although plaintiffs have specified a number of errors, in reality, the issue on appeal is whether plaintiffs have utilized the proper procedure in filing suit to invalidate the tax and/or assert their claimed exemption from the tax.
LSA-R.S. 13:5121, et seq., are contained in Part XVI, Chapter 32, Title 13, Louisiana Revised Statutes of 1950, as amended, and are titled “Suits to Determine Validity of Governmental Bonds”. R.S. 13:5122, which provides the applicable law and sets out the legislative intent, provides, in pertinent part, as follows:
“All suits, actions and proceedings of whatever nature affecting the validity of bonds of any governmental unit, or the interest thereon, or the sale thereof, or the election, if any, authorizing the issuance of said bonds, shall be brought only in accordance with the provisions of this title.” [Emphasis added.]
The remaining provisions of Part XVI provide the procedure which must be followed by persons or corporations desiring to contest the issuance of such bonds.
Plaintiffs’ original petition seeks to have the ad valorem tax declared illegal. Plaintiffs’ amended petition, in the alternative, seeks a judgment declaring that “the proposed ad valorem tax applies only to those areas of Iberville Water Works District No. 2 which are not included within an industrial area.”
We find that plaintiffs are not seeking to affect, contest or have declared illegal the issuance of the bonds themselves. We, therefore, hold that, because plaintiffs’ suit is not one “affecting the validity of bonds of any governmental unit, or the interest thereon, or the sale thereof, or the election, if any, authorizing the issuance of said bonds”, plaintiff is not required to proceed under the provisions of R.S. 13:5121, et seq.
Defendants caused general obligation Ijonds to be issued under the authority of and in conformance with the provisions of Article VI, Section 33(A) of the Louisiana Constitution of 1974. We find, therefore, that this tax is one levied under the authority granted to the parish by the constitution, rather than a tax authorized by an election.
We previously considered a similar situation in the case of Audubon Insurance Company v. Parish of East Baton Rouge, 366 So.2d 972 (La.App. 1st Cir. 1978). In Audubon, plaintiff sued for a refund of an ad valorem tax which it had paid under protest. In deciding Audubon, it was necessary for us to resolve the apparent conflict between the sixty day peremptive period contained in Article VI, Section 35(A), Louisiana Constitution of 1974, and R.S. 39:513 (now R.S. 18:1281 et seq.) and the thirty day jjeremptive period provided by R.S. 47:2110. After concluding that R.S. 39:513 (now R.S. 18:1281 et seq.) is applicable to tax elections, we stated that:
“The legislature certainly never intended to provide two separate and distinct peremptive statutes providing different time periods within which to attack the same tax. Obviously, these statutes were never intended to apply to the same tax; otherwise, havoc would reign and there would be no certainty as to which per-emptive period would apply. We, therefore, conclude that La.R.S. 47:2110 was intended to apply to those taxes levied under authority granted the state or political subdivision by the legislature or by the constitution. There is no mention made in La.R.S. 47:2110 of a tax authorized by an election, and thus we find a distinction.”
Since the tax in Audubon was authorized by an election, we held that the applicable peremptive period (and thus the appropriate remedy) is that provided by La.R.S. 39:513 (now R.S. 18:1281 et seq.). However, in this instant case, we find that the tax at issue is one authorized by the constitution, and therefore plaintiffs’ proper remedy is that contained in R.S. 47:2110. On this *412 basis, defendants’ peremptory exception urging the objections of no right and no cause of action was well founded and the trial court was correct in sustaining their exception.
We note that plaintiffs’ amended petition seeks declaratory relief.
R.S. 47:2110 provides, in pertinent part, that:
“Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax.... ”
Based on this provision of the law, we find that plaintiffs’ exclusive remedy is that provided by R.S. 47:2110, and declaratory relief is therefore not available to plaintiffs.
In the consolidated cases of Giraud v. City of New Orleans and Decatur Realty Corporation v. City of New Orleans, 359 So.2d 294 (La.App. 4th Cir.), writ denied, 362 So.2d 579 (La.1978), plaintiffs sought a declaratory judgment decreeing that certain taxes were illegally assessed and illegally collected. In rejecting plaintiffs’ right to seek declaratory relief in resisting payment of the tax, the court stated that:
“. . . [T]he suit before us is governed by the case of Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), where Act 330 of 1938 (the source of the present R.S. 47:2110) was considered vis á vis a claim that relief could be granted in federal court under the Federal Declaratory Judgments Act. In that case, the United States Supreme Court held that, as Louisiana provided a remedy for contesting and challenging a tax, an action for declaratory judgment was inappropriate. As the court stated:
“ ‘With due regard for these considerations, it is the court’s duty to withhold such relief [declaratory judgment] when, as in the present case it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back.’
“See also Ford Motor Credit Co. v. Louisiana Tax Commission, 321 F.Supp. 1365 (E.D.La.1971).”
For the foregoing reasons, the judgment of the trial court, sustaining defendants’ peremptory exception urging the objections of no right and no cause of action and dismissing plaintiffs’ suit, is hereby affirmed. The costs, both of trial and appeal, are to be paid by plaintiffs-appellants.
AFFIRMED.