LABORDE, Judge.
Appellant Rickey Tri-Key Partnership contests the validity of an ad valorem property assessment by Lafayette Parish taxing authorities. After pursuing its administrative remedies, appellant filed suit in district court. The trial judge dismissed on appellees’ peremptory exception of prescription. We reverse.
FACTS AND PRIOR PROCEEDINGS
Rickey Tri-Key Partnership, Limited, appellant herein, is the owner of the Tri-Key Building in Lafayette. The building is commercial rental property. The property was appraised and assessed in 1982 by appellees Lafayette Parish Tax Assessor and Louisiana Tax Commission for ad valo-rem taxes. On January 27, 1983, appellant paid the taxes assessed under protest.
Appellant followed the statutory administrative procedure for protesting ad valorem assessments. Appellant eventually appeared before the Louisiana Tax Commission on November 16, 1982. The Tax Commission affirmed the Lafayette Parish Assessor’s appraisal and assessment on April 22,1983. Appellant contested that decision by filing its petition in district court on May 23, 1983, within thirty legal days of the decision of the Tax Commission, as required by LSA-R.S. 47:1989(D) and Tax Commission rules.
Appellees filed a peremptory exception of prescription, contending that appellant failed to bring suit in district court within thirty days of the payment of taxes under protest, as required by LSA-R.S. 47:2110(A). The district court maintained this exception.
ISSUE
Appellant explains that there are two methods for contesting ad valorem assessments in Louisiana. First, there is the administrative remedy which involves an appearance before a review board of the local authority and culminates in an appearance before the Louisiana Tax Commission, whose decision may then be contested by filing suit in the appropriate district court within thirty days. Second, there is the remedy afforded by LSA-R.S. 47:2110(A), which involves a payment of assessed taxes under protest, and a direct suit against the taxing authority filed in the appropriate district court within thirty days of the protested payment. Appellant contends that it has followed the administrative procedure, and that the trial judge erroneously based his ruling of prescription on the time period applicable to the legal remedy afforded by section 2110(A), which appellant has not pursued.
DISCUSSION
Appellant is correct in contending that there are two separate statutory schemes with separate prescriptive periods that afford remedies to assessed property owners in Louisiana. Appellee Louisiana Tax Commission admits as much and, in fact, states in its brief that, of the two statutory schemes, the administrative remedy pursued by appellant is the only constitutionally permissible remedy for one aggrieved by the actions of a parish assessor. ■ See La.Const. art. VII, sec. 18(E).
Appellant in this case followed the administrative procedure of LSA-R.S. 47:1992, which provides for complaint to a local board of review, then appeal to the Louisiana Tax Commission. LSA-R.S. 47:1998(A) expressly gives appellant the right to contest an adverse decision of the Tax Commission in district court within thirty days of that decision. See also LSA- *237 R.S. 47:1989(D) (decision of Tax Commission is final if no suit is filed within thirty days).
Conversely, LSA-R.S. 47:2110(A) provides a direct legal action against the collecting entity with no appearances before administrative boards or agencies. The taxpayer pays under protest and then sues the collecting officer in district court. This statute has been construed to provide a thirty day prescriptive period for the filing of suit after payment under protest. See Allied Chemical Corp. v. Iberville, Etc., 414 So.2d 409, 411 (La.App. 1st Cir.1982), aff'd, 426 So.2d 1336 (La.1983). However, the same statute, in section 2110(D), clearly provides that the direct action afforded in subsection (A) is in addition to the administrative remedies afforded elsewhere in title 47. Thus, appellant properly proceeded before the administrative boards. The statutes that control the procedure before the administrative boards provide that an adverse decision may be contested in district court, and that the prescriptive period for suit in district court is thirty days after the decision of the Tax Commission. Appellant’s suit therefore has not prescribed.
Appellees argue that, by paying its taxes with checks marked “under protest,” appellant irrevocably selected the direct action under section 2110(A) with its corresponding thirty-days-after-payment peremptive period for suit in district court. This argument is without merit. By paying “under protest,” appellant preserved^ the right to proceed under section 2110(A) should it choose to do so, but payment “under protest” does not foreclose the pursuance of the administrative remedy. By marking its checks “under protest,” appellant did nothing more than provide notice to the taxing authority that it would contest the assessment under either the direct action afforded by section 2110(A) or the administrative procedure available to appellant.
Appellees’ final argument is that appellant may not maintain its suit in district court because it has failed to comply with LSA-R.S. 47:2110(E), which provides:
“Any taxpayer in the state who has paid his taxes under protest as provided in Subsection A above, and who has filed suit under the provisions of R.S. 47.T856, R.S. 47:1857, or R.S. 47:1998, shall cause to issue in said suit notice to the officer or officers designated for the collection of said taxes in the parish or parishes where the property is located, and such notice shall be sufficient to cause said officer or officers to further hold said amount segregated pending the outcome of the suit.”
First, we again note that appellant paid his taxes under protest. This provided notice to the taxing authority that appellant was contesting the assessment. Further, the assessor was aware during every step of appellant’s pursuance of its administrative remedy that appellant was contesting the validity of the assessment. Finally, appellant named and served the assessor as defendant in its suit after the Tax Commission decision. Appellees correctly describe the policy behind the notice provision in section 2110(E). The assessor should be informed that the taxpayer is attempting to recover all or part of the taxes paid so that the assessor will maintain the identity of the contesting taxpayer’s funds and not merge them with general revenues and allow them to be expended before the validity of the assessment is finally determined. In this case, it is obvious that the assessor had notice “sufficient to cause said officer or officers to further hold said amount segregated pending the outcome of the suit.” If the assessed funds paid under protest by appellant were merged with general revenues in the face of publicly recorded administrative and legal proceedings, then the assessment office of Lafayette Parish has only itself to blame for this error.
Appellant has properly followed the administrative procedure for contesting the assessment of ad valorem taxes in this state. After appellant exhausted its administrative remedies, it was entitled to file suit in district court within thirty legal days of the final decision of the Louisiana Tax Commission. Appellant timely filed *238 suit. Appellant’s suit has not prescribed. We reverse the decision of the trial court and remand to that court so that appellant may further pursue the remedies granted to it under the laws of this state. Defendants-appellees are taxed with the cost of this appeal and the cost of prior proceedings in the district court.
REVERSED AND REMANDED.