510 So.2d 1294 (1987)
LOWREY CHEVROLET, INC., Plaintiff-Appellant,
v.
James A. BRUMLEY, Jr., in his Capacity as Sheriff and Ex Officio Tax Collector for Sabine Parish, Louisiana, Defendant-Appellee.
No. 85-1045.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*1295 Neil Erwin, Shreveport, for plaintiff-appellant.
James L. Davis, Many, Thomas S. Halligan, Robert H. Abbott, III, Baton Rouge, Kenneth N. Simmons, Many, for defendant-appellee.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
DOMENGEAUX, Judge.
This opinion will address the issues presented for review in the cases entitled: Lowrey Chevrolet, Inc. v. James A. Brumley, Jr., in his capacity as Sheriff and Ex Officio Tax Collector for Sabine Parish, Louisiana, and Lowrey Chevrolet, Inc. v. Dean Lambert, in his capacity as Chief of Police and Ex Officio Tax Collector for the Town of Many, Louisiana, and the Town of Many, Louisiana, numbered by our Clerk 85-1045 and 85-1046, respectively. The trial court, although these cases were consolidated prior to trial, chose to render separate judgments. We will, for the reasons hereinafter set forth, decide all issues in this opinion but, for the purposes of convenience and consistency will render a separate decree in the matter entitled: Lowrey Chevrolet, Inc. v. Dean Lambert, in his capacity as Chief of Police and Ex Officio Tax Collector for the Town of Many, Louisiana, and the Town of Many, Louisiana, numbered, 85-1046, 510 So.2d 1299.
Lowrey Chevrolet, Inc. (Lowrey Chevrolet), an automobile and truck dealership in the Town of Many, in Sabine Parish, Louisiana, brought suit against the Sheriff and Ex Officio Tax Collector of Sabine Parish, James A. Brumley, Jr. (Brumley). Lowrey Chevrolet sought from Brumley the return of $45,441.44 in ad valorem taxes paid under protest for the year 1984, together with interest at the rate of two percent per annum, pursuant to La.R.S. 47:2110.
Lowrey Chevrolet, in a companion case consolidated with the Brumley suit, brought suit against the Chief of Police and Ex-Officio Tax Collector for the Town of Many, Dean Lambert, and the Town of Many, Louisiana, (both hereinafter referred to as Lambert). The plaintiff's suit against Lambert sought the return of $3,534.40 in ad valorem taxes paid under protest for the year 1984, together with interest at the rate of two percent per annum.
Lowery Chevrolet, additionally, sought in both the Brumley and Lambert suits, judgments relieving it of the obligation of paying future ad valorem taxes. The plaintiff challenged the collection of the ad valorem taxes alleging that the assessment of similar classes of property throughout the state did not comply with La.Const. art. VII § 18. Article VII § 18 requires that similar classes of property, in this case new and used automobiles and trucks, be uniformly valued. Lowery Chevrolet reasoned that because its inventory was valued higher than the inventory of other automobile and truck dealerships in Louisiana it was paying proportionately higher ad valorem taxes.
Brumley answered Lowrey Chevrolet's petition and in the same pleading filed a third-party demand. Brumley's answer denied liability stating that as sheriff and ex officio tax collector he was not responsible for assessing property or fixing millage rates. Brumley's third-party demand named the Sabine Parish Tax Assessor, Conrad Cathey, and the Louisiana Tax Commission as third-party defendants. The third-party plaintiff's demand alleged that Cathey and the Louisiana Tax Commission were the proper parties to respond to the plaintiff's suit.
Cathey, without answering the third-party demand, excepted to the right of the third-party plaintiff, Brumley, to proceed. The assessor sought to have Brumley's third-party demand dismissed on the grounds that it failed to state a cause of action and was vague.
*1296 The Louisiana Tax Commission excepted to the right of the plaintiff to proceed and, in the same filing, excepted to the third-party demand of Brumley. The Commission argued that since the third-party demand was interrelated with the main demand it was susceptible to the same exceptions as the main demand. The Commission challenged the right of Lowrey Chevrolet and Brumley to proceed on the grounds that: (1) the district court lacked jurisdiction over the subject matter; (2) the main demand and the third-party demand were premature; (3) the main demand and the third-party demand were prescribed and, for the same reasons, were perempted; and (4) neither the main demand nor the third-party demand stated a cause of action.
Lambert, in the companion case and without answering, also excepted to the action of Lowrey Chevrolet. Lambert sought the dismissal of the plaintiff's petition on the grounds that: (1) the plaintiff had failed to join an indispensable and/or necessary party; and (2) the plaintiff's petition failed to state a cause of action.
The Louisiana Attorney General, although not named as a defendant in either the Brumley or Lambert suits, was served in both pursuant to La.Code Civ.Proc. art. 1880. Article 1880 provides that when a "statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall be served with a copy of the proceeding and be entitled to be heard."
The Attorney General, subsequent to being served, excepted to the right of the plaintiff to proceed in both cases. The Attorney General's exceptions in both Brumley and Lambert were identical to those filed by the Louisiana Tax Commission. The Attorney General sought to have both suits dismissed on the grounds that: (1) the district court lacked jurisdiction over the subject matter; (2) both suits had been filed prematurely; (3) both actions had prescribed and, for the same reasons, were perempted; and (4) neither petition stated a cause of action.
The trial court in Brumley sustained the Attorney General and Louisiana Tax Commission's exceptions of prematurity, prescription and no cause of action. The trial court also sustained the exception of no cause of action filed by the Sabine Parish Tax Assessor, Cathey. Lowrey Chevrolet's suit was thereafter dismissed at its costs and the remaining exceptions were declared moot.
The trial court in Lambert sustained the Attorney General's exception of lack of jurisdiction over the subject matter and also sustained the exceptions of prematurity, prescription and no cause of action filed by the Attorney General, the Chief of Police and Ex Officio Tax Collector of the Town of Many, Dean Lambert, and the Town of Many. The court then dismissed the plaintiff's suit at the plaintiff's cost.
The trial court, in agreement with the arguments presented by the Attorney General and the Louisiana Tax Commission, adopted the memoranda of authority submitted by both parties as its reasons for judgment. The conclusions in the memoranda rest entirely upon La. Const. art. VII § 18(E). Article VII § 18(E) provides,
Review. The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.
The memoranda argue that Lowrey Chevrolet's petitions were premature because the plaintiff did not comply with the dictates of Article VII § 18(E). The authors of the memoranda interpret the Constitution to require that taxpayers questioning the correctness of their assessments exhaust all administrative remedies prior to seeking judicial relief. The memoranda conclude that because the plaintiff did not seek a review of its assessment, at the local and then at the state level, it was not yet entitled to judicial review.
The memoranda, in addressing the appropriateness of sustaining the exceptions of *1297 prescription, conclude that because Lowrey Chevrolet failed to comply with Article VII § 18(E) and its implementing legislation, La.R.S. 47:1931, 1992, 1989 and 1998, within the time periods announced in the statute the plaintiff's right to seek administrative review had expired. A review of Title 47 Sections 1931, 1992, 1989 and 1998, reveals that when the plaintiff filed its suits, the opportunity to seek administrative review had passed.
The memoranda also relied upon Article VII § 18(E) in supporting the exceptions of no cause of action. The Attorney General and the Louisiana Tax Commission both concluded that essential to Lowrey Chevrolet's causes of action was the unsatisfactory exhaustion of administrative relief. Since Lowrey Chevrolet failed to seek administrative relief, or at least failed to allege the exhaustion of administrative relief, the memoranda conclude, it failed to state a cause of action.
Lastly, and with reference only to the Lambert suit, the Attorney General argued in his memorandum that the district court lacked jurisdiction over the subject matter because the plaintiff failed to seek administrative relief prior to petitioning the court. The Attorney General took the position that the Constitution mandates that taxpayers challenging the correctness of their assessment first attempt to secure administrative relief and then proceed to the courts. The memorandum concludes that because the administrative requirements of Article VII § 18(E) were not complied with prior to suit the district court was without authority to hear the case.
Lowrey Chevrolet brought this appeal raising three assignments of error: (1) the trial court erred in dismissing Lowrey Chevrolet's suits for failing to comply with La. Const. art. VII § 18(E) and the administrative provisions which implement the Constitution; (2) the trial court erred in permitting the Louisiana Attorney General to participate in the suits as a party, particularly sanctioning the right of the Attorney General to except to the plaintiff's petitions; and (3) the trial court erred in sustaining an exception of no cause of action filed by Lambert on the grounds that neither Lambert nor the Town of Many were necessary parties.
The district court sustained the exceptions filed against Lowrey Chevrolet concluding that the administrative procedures mandated by Article VII § 18(E) had not been followed. Lowrey Chevrolet contends that it was not obligated to comply with the administrative review requirements because it was not proceeding under Article VII § 18, but rather, was seeking relief pursuant to La.R.S. 47:2110. Lowrey Chevrolet ultimately argues that it was not obligated to comply with Article VII § 18 because it was not challenging the correctness of its assessment and because R.S. 47:2110(D) provides the means for a direct appeal to the district court. We disagree.
Article VII § 18 mandates that certain administrative procedures be followed when a taxpayer questions the "correctness of [his] assessment." R.S. 47:2110 provides, on the other hand, that a taxpayer may bring an action directly to the district court if he is challenging the "legality of any tax accrued or accruing or the method of enforcement thereof." The question is, therefore, was Lowrey Chevrolet challenging the correctness of its assessment, or the legality or method of enforcement of ad valorem taxes.
We believe that the plaintiff's suits sought to correct an incorrect assessment. Lowrey Chevrolet was not challenging the right of the State to obtain revenue by way of ad valorem taxation, nor was the plaintiff questioning the methods by which ad valorem taxes are enforced. We, therefore, conclude that pursuant to Article VII § 18(E) Lowrey Chevrolet was obligated to seek administrative review prior to requesting judicial relief.
Lowrey Chevrolet also argues that R.S. 47:2110(D) provides taxpayers contesting the correctness of their assessments with the means of directly appealing their *1298 assessments to district court. R.S. 47:2110(D) provides,
The right of action provided in this section shall be in addition to any rights elsewhere provided in this Sub-title, including R.S. 47:1998, affording taxpayers an opportunity to test the legality or correctness of their assessments or ad valoreum taxes paid under protest before the courts of state. (Emphasis added).
The "right of action" referenced above is the right to challenge an assessment directly in district court.
Absent from the appellant's argument, however, is the fact that R.S. 47:2110(D) was enacted in 1970 and is, to the extent relevant to this case, in conflict with Article VII § 18(E) of our constitution of 1974. Pursuant to the express language of La. Const. art. XIV § 18(B), laws which were in conflict with the Constitution on its effective date are deemed to have been superceded. R.S. 47:2110(D), to the extent it grants taxpayers questioning the correctness of their assessments the right of appealing their assessments directly to district court, is in conflict with Article VII § 18(E) and has, therefore, been superceded.
Lowrey Chevrolet further suggests that Rickey Tri-Key Partnership v. Dupleix, 462 So.2d 235 (La.App. 3rd Cir.1984), writ denied, 464 So.2d 1384 (La.1985) supports its right of direct appeal. Subsequent to a review of the facts and issues in both Rickey and the instant case, we must reject the appellant's argument.
Lowrey Chevrolet contends that the following language in Rickey, albeit dictum, supports its position,
La.R.S. 47:2110(A) provides a direct legal action against the collecting entity with no appearance before administrative boards or agencies.... [This] same statute, in section 2110(D), clearly provides that the direct action afforded in subsection (A) is in addition to the administrative remedies afforded elsewhere in title 47. Id. at 237.
Although the referenced statement does lend support to the appellant's argument, we must decline to follow it because of the dissimilarity between Rickey and the instant case.
In Rickey, the taxpayer sought to challenge the correctness of its assessment by appealing that assessment first to the local governing authority and then to the Louisiana Tax Commission. The taxpayer only brought suit in district court subsequent to the unsatisfactory exhaustion of its administrative remedies.
The appellee in Rickey, upon the taxpayer's appeal to the district court, filed a peremptory exception of prescription against Rickey contending that Rickey had failed to bring suit within thirty days of paying its taxes under protest, as required by R.S. 47:2110. Factually, the appellee was correct. During Rickey's appeal before the Louisiana Tax Commission its tax obligation became due. Rickey, in compliance with the law, paid its taxes but, paid them under protest. Rickey's suit, although filed within thirty days of the tax commission's decision, was not brought within thirty days of paying its taxes.
The district court dismissed Rickey's suit concluding that the taxpayer had lost the right to appeal its assessment to the district court because it had not brought suit within thirty days of paying its taxes under protest. On appeal we reversed concluding that Rickey had properly complied with the administrative review procedures and that its suit was timely pursuant to R.S. 47:1998. R.S. 47:1998(A), as stated in Rickey, "expressly [gave] the appellant the right to contest an adverse decision of the tax commission in the district court within thirty days of that decision." Rickey, supra at 236.
In the instant case Lowrey Chevrolet proceeded directly to district court, bypassing administrative review, and the issue which now confronts us, unlike Rickey, is one of constitutional magnitude. Reiterating our earlier conclusion, we must decline to follow the dictum in Rickey because the cases are factually distinguishable and because we were not called upon in Rickey to resolve the constitutional question which now appears before the bar of our Court.
Lowrey Chevrolet's second assignment of error questions the propriety of the district *1299 court ruling sustaining the exceptions filed by the Louisiana Attorney General. Lowrey Chevrolet contends that Code Civ. Proc. art. 1880 does not grant the Attorney General the right to intervene on behalf of the State as a party in its lawsuits. Article 1880 provides, in part,
If a statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard. (Emphasis added).
Although we disagree with the contention of the plaintiff, because we have previously affirmed the dismissal of Lowrey Chevrolet's petitions based upon exceptions filed by other parties, we need not address this assignment of error.
Having previously concluded that the trial court correctly dismissed the plaintiff's suits we need not address its final assignment of error questioning, as interpreted by the plaintiff, the trial court's decision to dismiss Lambert and the Town of Many on an exception of no cause of action because they were not necessary parties. We must, however, state that our review of the record does not reveal that the exception of no cause of action was sustained on the grounds alleged by the plaintiff. Our review of the judgment and memorandum of authority, adopted by the court as its reasons, indicates that the exception of no cause of action was sustained because administrative review, a prerequisite to judicial review, was not sought.
For the above and foregoing reasons the judgment of the district court in favor of James A. Brumley, Jr., in his capacity as Sheriff and Ex Officio Tax Collector for Sabine Parish, Louisiana, the defendant-appellee, is affirmed.
All costs of this appeal are assessed against Lowrey Chevrolet, Inc., the plaintiff-appellant.
AFFIRMED.