I2WATSON, Justice,
dissenting.
The vessel-owners argue that the vessel ad valorem tax is invalid because their vessels are exempt from taxation. Because they assert a constitutional exemption, they argue their claim is a tax legality challenge properly instituted by suit under LSA-R.S. 47:2110 after tax payment under protest. They claim they were not required to seek administrative review prior to seeking judicial review. They err in confusing this challenge to the correctness of an assessment with a challenge to the legality of a tax.
Review of true tax legality challenges illustrates the distinction. In First Nat. Bank v. City of New Orleans, 555 So.2d 1345 (La.1990), the City of New Orleans assessed an ad valorem tax against the shares of stock in local banks. A bank paid the tax under protest and filed suit under LSA-R.S. 47:2110 claiming the tax itself was invalid as applied to all banks because it did not pro *942 vide a deduction for tax-exempt federal securities as required by federal law.
| ^Allied Chemical v. Iberville Parish Police, 426 So.2d 1336 (La.1983) is relied on by the vessel-owners for the proposition that tax exemption claims are brought under LSA-R.S. 47:2110. However, the decision actually supports the lower courts’ analysis. In Allied Chemical, the police jury had passed a resolution which imposed a tax on “all property” within a special service district. The taxpayers contended the tax resolution as adopted was too broad because it failed to recognize a statutory exemption for industrial areas. The taxpayers filed a declaratory judgment action seeking to have the court interpret the taxing resolution or to have the bond issue which was supported by the tax declared illegal. This Court held that the declaratory judgment action was not available and that the taxpayers were required to pay their taxes under protest and to bring an action under LSA-R.S. 47:2110.
Superficially, Allied Chemical and this case both concern taxpayers asserting an exemption against an ad valorem tax. However, the focus of the dispute is different. In Allied Chemical, the taxpayers asserted the ad valorem tax itself was invalid because it conflicted with a statutory exemption. This presented a conflict between laws, which the courts alone may resolve. Thus, the taxpayers in Allied Chemical were asserting a legality challenge which should have been brought pursuant to LSA-R.S. 47:2110.
l/The tax legality dispute in Allied Chemical was resolved by this Court in In re Pitre, 93-2322 (La.1/14/94); 630 So.2d 700. One of the Allied Chemical taxpayers thereafter paid the ad valorem taxes under protest and brought suit under LSA-R.S. 47:2110. This Court upheld the tax; the statutory exemption was an unconstitutional expansion of the exclusive ad valorem exemptions listed in La. Const, art. 7, § 21.
A tax legality challenge questions the validity of the tax itself. By contrast, the taxpayers here do not contest the ad valorem tax’s validity. The vessel-owners seek to qualify for an exemption from a valid tax or an apportionment of those taxes. This case does not present a conflict between laws, only the application of admittedly valid tax laws to these circumstances. Lowrey Chevrolet, Inc. v. Brumley, 510 So.2d 1294 (La. App. 3 Cir.), writ denied, 514 So.2d 20 (La.1987), recognized this distinction. Lowrey held a taxpayer’s claim of assessment disproportionality was not a tax legality challenge but an assessment correctness challenge which required compliance with La. Const. art. 7, § 18(E) and its implementing legislation, LSA-R.S. 47:1931, 47:1989, 47:1992 and 47:1998. The taxpayer “was not challenging the right of the State to obtain revenue by way of ad valorem taxation, nor was the plaintiff |squestioning the methods by which ad valorem taxes are enforced.” Id., 510 So.2d at 1297.
An assessment challenge questions the correctness of the assessment, which encompasses more than an evaluation of the property’s value. An assessor’s duties are to “enumerate and list and assess.” In order to do so, the assessor must first decide whether property may be assessed at all; i.e. whether the property is exempt. A tax exemption determination is an assessment decision.
Couching their assertions in constitutional language does not convert the vessel-owners’ claim into a tax legality challenge. Westminster Management Corp. v. Mitchell, 525 So.2d 1171, 1173 (La.App. 4 Cir.), writ denied, 532 So.2d 132 (La.1988), involving an assessment disproportionality claim, held:
“Correctness” includes both the standard of true value and the uniformity and equality required by law. The achievement of both is the goal, the absence of either creates incorrectness. That uniformity and equality are given higher priority than true value does not make an attack on the former rather than the latter something other than a challenge for “correctness.”
See also Abraham v. Carter, 580 So.2d 485, 488 (La.App. 4 Cir.1991) (stating violations of due process and equal protection without factual basis does not create a legality challenge).
I eThe allegations in the vessel-owners’ petitions involve a simple determination of the relevant facts; i.e. whether any of the vessels are engaged in international trade; whether *943 any of the vessels are subject to double taxation; whether the vessels have a tax situs in Cameron Parish. Such determinations are precisely the type of assessment decisions initially made by the assessor to compile the tax rolls. A taxpayer who disputes the assessor’s interpretation of constitutional ad valorem exemptions must seek • administrative review of that determination prior to seeking judicial review. La. Const, art. 7, § 18(E).
The same constitutional exemption claimed by the vessel-owners here was asserted against ad valorem taxes in Zapata Gulf Marine Operators v. Tax Com’n, 554 So.2d 1253 (La.App. 1 Cir.1989), writ denied, 559 So.2d 1357 (La.1990). Two vessel-owners[1] notified the assessor claiming tax exempt status for their vessels. The assessor denied the exemption; the vessel-owners sought administrative review. When both the board of review and tax commission denied the tax exemption claimed, the vessel-owners paid the taxes under protest and filed suit pursuant to LSA-R.S. 47:2110. The district court vacated the tax commission’s decision and recognized that the vessels were exempt from ad valorem taxes. The court of appeal reversed, finding the vessels did |7not qualify for the constitutional exemption. This Court denied writ. See also Rowan Companies v. State Tax Com’n, 563 So.2d 951 (La.App. 1 Cir.), writ denied, 567 So.2d 1130 (La.1990) (international trade exemption for jack-up rig denied by board of review and tax commission but approved on judicial review). The same procedure should have been followed here; the vessel-owners should have asserted their claimed exemption to the board of review and the tax commission before filing suit for judicial review.
The vessel-owners’ reliance on various cases to support their claim of a tax legality challenge is misplaced. Cases rendered before adoption of the 1974 Louisiana Constitution are not controlling here. Earlier state constitutions have no counterpart to 1974 La. Const, art. 7, § 18(E). Although the sources of LSA-R.S. 47:1998 and 47:2110 were enacted prior to 1974,[2] there were no constitutional provisions for mandatory administrative review of ad valorem assessments. The earlier constitutions drew no distinction between challenges to the correctness of assessments and the legality of a tax.[3]
IsThe vessel-owners rely on Sales Tax Dist. #1 of Lafourche Par. v. Express Boat Co., Inc., 500 So.2d 364 (La.1987) and Moonmaid Marine, Inc. v. Larpenter, 599 So.2d 820 (La.App. 1 Cir.), writ denied, 605 So.2d 1120 (La.1992) tor the proposition that their vessels are engaged in international trade. Both of these cases address the merits of the taxpayers’ exemption claim rather than the proper procedure for determining their exemption entitlement. Express Boat applied the exemption in the context of a sales and use tax. La. Const, art. 7, § 18(E) mandates administrative review of ad valorem, not sales and use, assessments. Moonmaid Marine was a claim to recover taxes erroneously paid pursuant to LSA-R.S. 47:2108.1.[4]
The vessel-owners rely on appellate cases where ad valorem tax exemptions were claimed, taxes were paid under protest and LSA-R.S. 47:2110 suits were filed as authority for following that procedure. See Mississippi River Transmission v. Simonton, 442 So.2d 764 (La.App. 2 Cir.1983), writ denied, 444 So.2d 1240 (La.1984); United Gas Pipe Line Co. v. Whitman, 390 So.2d 913 (La.App. 2 Cir.1980), writ denied, 396 So.2d 928, 929 (La.1981); Enterprise Products Co. v. Whitman, 364 So.2d 634 (La.App. 2 Cir.1978), writ denied, 366 So.2d 916 (La.1979); A & P Boat Rentals v. Cronvich, 361 So.2d 1260 (La.App. 1 Cir.), writ denied, 363 So.2d 923 *944 (La.1978). None of these cases address La. Const, art. 7, § 18(E) or the administrative review process. None of the cases interpret the distinction between suits filed under LSA-R.S. 47:1998 and LSA-R.S. 47:2110. None of these cases address the issue presented here and cannot be considered authoritative.
Dicta from appellate cases is similarly nonauthoritative. See Capital Drilling Co. v. Graves, 496 So.2d 487, 492 n. 2 (La.App. 1 Cir.1986) (statement that LSA-R.S. 47:2110 is proper vehicle for claiming tax exemption, in reliance on Allied Chemical and other cases rejected as authority herein, was dicta where court found it unnecessary to determine whether claim presented tax legality or assessment correctness challenge); Rickey Tri-Key Partnership v. Dupleix, 462 So.2d 235, 238 (La.App. 3 Cir.1984), writ denied, 464 So.2d 1384, 1385 (La.1985) (statement that LSA-R.S. 47:2110 is method for attacking validity of assessment was dicta where facts showed taxpayer properly followed full administrative procedures before seeking judicial review).
The vessel-owners’ claim of a tax exemption from ad valorem taxes presents an assessment correctness challenge. They do not question the validity of the ad valorem tax, only its application to their property under the circumstances. Determination of tax exemption is an assessment decision. The | ipvessel-owners consciously chose to pursue a remedy under LSA-R.S. 47:2110 rather than pursue administrative review as mandated by La. Const, art. 7, § 18(E) and its implementing legislation or the remedy provided by LSA-R.S. 47:2108.1.
I respectfully dissent.

. Zapata Gulf Marine Operators, Inc. is also a plaintiff in this case.

. For source laws to LSA-R.S. 47:1998, see Acts 1898, No. 170, §§ 24, 56; Acts 1906, No. 63; Acts 1914, No. 219, § 1; Acts 1916, No. 140, § 16; Acts 1924, No. 97, §§ 1 to 3; and Acts 1934, 2nd Ex.Sess., No. 18, § 8. For source laws to LSA-R.S. 47:2110, see Acts 1934, 2nd Ex. Sess., No. 16, §§ 1, 2; Acts 1938, No. 330.

. Earlier constitutions provided the right of testing the correctness of assessments before the courts. See 1879 La. Const, art. 203; 1898 La. Const, art. 225; 1913 La. Const, art. 225; 1921 La. Const, art. 10, § 1.

. Some of the vessel-owners in Moonmaid Marine are plaintiffs here.