# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 21-40

SOUTH RYAN HOLDINGS, LLC, ET AL.

VERSUS

WENDY AGUILLARD, AS CALCASIEU

TAX ASSESSOR, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2019-276
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

Cooks, J. Dissents.

AFFIRMED AND REMANDED.

Thomas Allen Filo
Cox, Cox, Filo, Camel, & Wilson, LLC
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    Opulence Krishna Hospitality,L.L.C.
    401 Property Investors, LLC
    South Ryan Holdings, LLC

**Russell Joseph Stutes, Jr.**
**P. Jody Lavergne**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **401 Property Investors, LLC**
    **South Ryan Holdings, LLC**
    **Opulence Krishna Hospitality,L.L.C.**

**Brian Andrew Eddington**
**Attorney at Law**
**3060 Valley Creek Dr, Ste A**
**Baton Rouge, LA 70808**
**(225) 924-4066**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Wendy Aguillard, Calcasieu Tax Assessor**

**Jamie C. Gary**
**Mudd, Bruchhaus & Keating, LLC**
**422 E. College St**
**Lake Charles, LA 70605**
**(337) 439-3138**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Tony Mancuso, Sheriff of Calcasieu Parish**

**John Jurgen Weiler**
**Reese F. Williamson**
**Weiler & Reese, LLC**
**909 Poydras St, #1250**
**New Orleans, LA 70112**
**(504) 524-2944**
**COUNSEL FOR INTERVENOR-APPELLEE:**
    **The Louisiana Assessors Association**
    **Erroll G. Williams, Orleans Parish Assessor**

**PICKETT, Judge.**

The plaintiffs, South Ryan Holdings, LLC, 401 Property Investors, LLC, and Opulence Krishna Hospitality, LLC, appeal the trial court's judgment denying their Motion for Class Certification.

## FACTS

South Ryan Holdings, 401 Property Investors, and Opulence Krishna Hospitality, (collectively "the proposed class representatives") filed a Class Action Petition for Damages and Declaratory Relief against Wendy Aguillard, the Calcasieu Parish Tax Asssessor, and Tony Mancuso, the Calcasieu Parish Sheriff Tax Collector. The suit alleges that the tax assessor used an illegal method to calculate the value of commercial property (non-residential land containing non-residential improvements) in Calcasieu Parish, and this resulted in ad valorem property tax assessments that were illegal and unconstitutional. The petition alleges that the proposed class representatives, on their own behalf and on behalf of the class of similarly situated owners of commercial property in Calcasieu Parish, meet the criteria of La.Code Civ.P. art. 591. Thus, they should be allowed to be named class representatives and pursue the claims as a class action.

The trial court found that while four of the five requirements (numerosity, commonality, typicality, adequate representation, and definability) for class certification were met, the numerosity factor was not satisfied by the proposed class representatives.

Louisiana Revised Statutes 47:2134 requires that taxpayers must pay ad valorem taxes under protest to preserve a legal claim for a disputed tax assessment. This statute further requires the tax collector to set aside the contested portion of the paid taxes in case it is determined that the taxes must be refunded. Only one of the proposed class representatives, Opulence Krishna Hospitality, LLC, paid their 2018 taxes under protest. In fact, it purported to pay under protest on behalf of all those

similarly situated. At the time of the hearing on December 2, 2019, one additional proposed class representative, South Ryan Holdings, LLC, had paid their 2019 taxes under protest, on their own behalf and on behalf of similarly situated taxpayers. The trial court found this insufficient, determined that there was only one member of the proposed class who complied with the requirements of La.R.S. 47:2134, and denied class certification.

The proposed class representatives now appeal.

## ASSIGNMENTS OF ERROR

The appellants assert two assignments of error:

1. The trial court committed legal error in finding that "payment under protest" cannot be made by the proposed class representative (plaintiff) on behalf of the entire class for "numerosity purposes.

2. The trial court committed legal error in concluding that "payment under protest" is an absolute requisite for filing suit challenging the legality of ad valorem tax assessments and erred in resolving the merits of this legal issue at the class certification stage.

## DISCUSSION

This court has discussed the requirements for class certification in *Desselle v. Acadian Ambulance Service, Inc.*, 11-742, pp. 5-6 (La.App. 3 Cir. 2/1/12), 83 So.3d 1243, 1248-49, *writ denied*, 12-518 (La. 4/13/12), 85 So.2d 1253:

> Article 591, which sets forth the prerequisites for obtaining class action status, reflects the purpose of class action suits. As explained in *Dupree v. Lafayette Ins. Co.*, 09-2602, p. 6 (La.11/30/10), 51 So.3d 673, 679, the class action mechanism enables representatives with typical claims "to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common interest to persons so numerous as to make it impracticable to bring them all before the court."
>
> Paragraph (A) establishes five initial requirements for certification, providing:
>
> > A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
> >
> > (1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of law or fact common to the class.

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

(4) The representative parties will fairly and adequately protect the interests of the class.

(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

In its determination of whether a party has met the prerequisites for obtaining class certification, a trial court must conduct what has been described as a rigorous analysis. *Brooks v. Union Pac. R.R. Co.*, 08-2035 (La.5/22/09), 13 So.3d 546. In doing so, a trial court evaluates, quantifies, and weighs the factors in determining to what extent the class action would effectuate substantive law, judicial efficiency, and individual fairness. *Id.* This analysis requires the trial court to actively inquire into every aspect of the case. *Id.* The trial court must not hesitate to require a showing beyond the pleadings. *Id.* In fact, a party seeking certification must be prepared to prove that, in fact, the prerequisites are present. *Price v. Roy O. Martin*, 11-853 (La.12/6/11), 79 So.3d 960 (quoting Wal-Mart Stores, Inc. v. Dukes, [564 U.S. 338], 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011)). The trial court's analysis may frequently overlap with the merits of the substantive claim. *Id.*

The party seeking to maintain the class certification bears the burden of proving that the criteria found in La.Code Civ.P. art. 591 have been satisfied. *Dupree v. Lafayette Inc. Co.*, 09-2602 (La. 11/30/10), 51 So.3d 673. On appellate review of a trial court's determination to certify a class action, the trial court's factual findings are subject to the manifest error standard of review. *Brooks v. Union Pacific R.R. Co.*, 08-2035 (La. 5/22/09), 13 So.3d 546. We review the court's ultimate decision regarding certification of the class pursuant to the abuse of discretion standard. *Id.* We review the trial court's legal conclusions *de novo*. *Id.*

In their first assignment of error, the proposed class representatives argue the trial court legally erred in finding that the relevant statute regarding payment of disputed ad valorem requires each taxpayer to pay under protest or lose the ability to challenge the assessment. Further, they argue that both Opulence Krishna Hospitality

and South Ryan Holdings paid under protest on behalf of the entire class, such that each member of the putative class was not required to make their disputed payments under protest individually. The statute at issue does not support that argument.

Louisiana Revised Statutes 47:2134 provides the exclusive means for contesting the assessment of ad valorem tax assessments in the courts of this state. It states:

> A. No court of this state shall issue any process to restrain, or render any decision that has the effect of impeding, the collection of an ad valorem tax imposed by any political subdivision, under authority granted to it by the legislature or by the constitution.
>
> B. (1) A taxpayer challenging the correctness of an assessment under R.S. 47:1856, 1857, or 1998 shall timely pay the disputed amount of tax due under protest to the officer or officers designated by law for the collection of this tax. The portion of the taxes that is paid by the taxpayer to the collecting officer or officers that is neither in dispute nor the subject of a suit contesting the correctness of the assessment shall not be made subject to the protest. The taxpayer shall submit separate payments for the disputed amount of tax due and the amount that is not in dispute and not subject to the protest.
>
> (2)(a) If at the time of the payment of the disputed taxes under protest the taxpayer has previously filed a correctness challenge suit under the provisions of R.S. 47:1856, 1857, or 1998, such taxpayer shall give notice of the suit to the collecting officer or officers in the parish or parishes in which the property is located. This notice shall be sufficient to cause the collecting officer or officers to further hold the amount paid under protest segregated pending the outcome of the suit.
>
> (b) If at the time of the payment of the protested tax, a correctness challenge suit is not already pending under the provisions of R.S. 47:1856, 1857, or 1998, then a suit seeking recovery of the protested payment need not be filed until thirty days from the date a final decision is rendered by the Louisiana Tax Commission under either R.S. 47:1856, 1857, or 1998. The taxpayer making the payment under protest under these circumstances must advise the collecting officer or officers in the parish or parishes in which the property is located at the time of the protest payment that the protest payment is in connection with a correctness challenge and must promptly notify the collecting officer or officers when a final decision is rendered by the Louisiana Tax Commission under either R.S. 47:1856, 1857, or 1998. The collecting officer or officers shall continue to segregate and hold the protested amount in escrow until a timely correctness challenge suit is filed.
>
> (c) If a suit is timely filed contesting the correctness of the assessment pursuant to R.S. 47:1856, 1857, or 1998 and seeking the recovery of the tax paid under protest, then that portion of the taxes paid

4

that are in dispute shall be deemed as paid under protest, and that amount shall be segregated and shall be further held pending the outcome of the suit.

(3) In a correctness challenge suit under either R.S. 47:1856, 1857, or 1998 the officer or officers designated for the collection of taxes in the parish or parishes in which the property is located, the assessor or assessors for the parish or district, or parishes or districts, in which the property is located, and the Louisiana Tax Commission shall be the sole necessary and proper party defendants in any such suit.

(4) If the taxpayer prevails, the collecting officer or officers shall refund the amount to the taxpayer with interest at the actual rate earned on the money paid under protest in the escrow account during the period from the date such funds were received by the collecting officer or officers to the date of the refund. If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate set forth above during the period from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date the taxes are paid.

C. (1) A person resisting the payment of an amount of ad valorem tax due or the enforcement of a provision of the ad valorem tax law and thereby intending to maintain a legality challenge shall timely pay the disputed amount due under protest to the officer or officers designated by law for the collection of the tax and shall give such officer or officers, notice at the time of payment of his intention to file suit for the recovery of the protested tax. The portion of the taxes that is paid by the taxpayer to the collecting officer or officers that is neither in dispute nor the subject of a suit contesting the legality of the assessment shall not be made subject to the protest. The taxpayer shall submit separate payments for the disputed amount of tax due and the amount that is not in dispute and not subject to the protest. Upon receipt of a notice, the protested amount shall be segregated and held by the collecting officer for a period of thirty days.

(2) A legality challenge suit must be filed within thirty days from the date of the protested payment. If a suit is timely filed contesting the legality of the tax or the enforcement of a provision of the tax law and seeking recovery of the tax, then that portion of the taxes paid that are in dispute shall be further deemed as paid under protest, and that amount shall be segregated and shall be further held pending the outcome of the suit. The portion of the taxes that is paid by the taxpayer to the collecting officer or officers that is neither in dispute nor the subject of a suit contesting the legality of the tax shall not be made subject to the protest.

(3) In any such legality challenge suit, service of process upon the officer or officers responsible for collecting the tax, the assessor or assessors for the parish or district, or parishes or districts in which the property is located, and the Louisiana Tax Commission shall be sufficient service, and these parties shall be the sole necessary and proper party defendants in any such suit.

(4) If the taxpayer prevails, the collecting officer or officers shall refund such amount to the taxpayer with interest at the actual rate earned on the money paid under protest in the escrow account during the period from the date such funds were received by the collecting officer or officers to the date of the refund. If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate set forth above during the period from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date the taxes are paid.

D. The right to sue for recovery of a tax paid under protest as provided in this Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of all questions arising in connection with a correctness challenge or the enforcement of the rights respecting the legality of any tax accrued or accruing or the method of enforcement thereof. The right to sue for recovery of a tax paid under protest as provided in this Section shall afford a legal remedy and right of action at law in the state or federal courts where any tax or the collection thereof is claimed to be an unlawful burden upon interstate commerce, or in violation of any act of the Congress of the United States, the Constitution of the United States, or the constitution of the state. The portion of the taxes which is paid by the taxpayer to the collecting officer or officers that is neither in dispute nor the subject of such suit shall not be made subject to the protest.

E. (1) Upon request of a taxpayer and upon proper showing by the taxpayer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the pending decision of the courts, may pay the additional assessment under protest but need not file an additional suit. In such cases, the tax so paid under protest shall be segregated and held by the collecting officer or officers until the question of law involved has been determined by the courts and shall then be disposed of as provided in the decision of the court.

(2) If the taxpayer prevails, the officer or officers shall refund such amount to the taxpayer with interest at the actual rate earned on the money paid under protest in the escrow account during the period from the date such funds were received by the officer or officers to the date of the refund. If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate set forth above during the period from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date the taxes are paid.

Next, the proposed class representatives argue that the procedure outlined in

La.R.S. 47:1621 allows for refunds of an overpayment of taxes. This provision

applies only to taxes collected by the Department of Revenue. The proposed class

representatives further argue that the language of La.R.S. 47:2134(C)(2) allows for the

6

filing of a suit to give notice to the tax collector that the taxes are paid under protest. An *in pari materia* reading of the remainder of Section C, however, shows that the taxes in dispute must be paid under protest for a cause of action to lie in district court. We find no legal error in the trial court's determination that taxes must be paid under protest for a taxpayer to challenge the assessment of ad valorem taxes.

This conclusion is bolstered by the remainder of the statute, which requires the taxing authority to set aside the amount paid under protest so that it is not distributed to the governmental entities authorized to receive the tax payments. Thus, the contested portion is readily available for refund should the suit contesting the assessment be successful. Allowing one taxpayer to pay under protest for all similarly situated taxpayers thwarts this procedure and would allow taxpayers to demand refunds of money that has already been distributed and spent by government entities.

The fourth circuit has reached the same conclusion regarding class actions in *Cooper v. City of New Orleans*, 01-115 (La.App. 4 Cir. 2/14/01), 780 So.2d 1158, *writ denied*, 01-720 (La. 5/11/01), 792 So.2d 734. Interpreting the provisions of then-La.R.S. 47:2110 (now La.R.S. 47:2134), the court found that even though the evidence suggested that more than 10,000 taxpayers paid a contested penalty, only fourteen taxpayers followed the "payment under protest" procedure. The trial court had determined that the penalty provision was related to the ad valorem tax assessment, and therefore the provisions of La.R.S. 47:2110 were applicable. Since only fourteen taxpayers met the requirements of the statute, the trial court found that the proposed class did not meet the numerosity requirement. The fourth circuit affirmed the trial court.

The proposed class representatives also argue that, even if their legality challenge to the ad valorem tax requires payment under protest by each member of the proposed class, their petition on behalf of the putative class also seeks reassessment of the property subject to the tax. Their plea for reassessment, though, contests the

7

correctness of the assessment, not the legality of the collection by the parish. *See Lowrey Chevrolet, Inc. v. Brumley*, 510 So.2d 1294 (La.App. 3 Cir.), *writ denied*, 514 So.2d 20 (La.1987). Louisiana Constitution Article VII, §18(E) requires that the parish governing board and the Louisiana Tax Commission first review the correctness of an assessment of ad valorem tax before any cause of action lies in district court:

> Review. The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.

The record does not contain any evidence that the proposed class representatives have submitted their claim to administrative review, as required by the state constitution. This argument lacks merit.

We therefore affirm the trial court's judgment and remand the case for further proceedings. We note the allegations of the proposed class representatives that there are numerous enough similarly situated taxpayers to justify class certification. The hearing in this case was held on December 2, 2019, nearly thirty days before tax payments for the 2019 tax year were due. Nothing in this opinion should be construed as precluding the proposed class representatives from making a showing on remand that the numerosity requirement has been met subsequent to the hearing on this matter.

**<u>CONCLUSION</u>**

The judgment of the trial court is affirmed, and the case is remanded for further proceedings. Costs of this appeal are assessed to the plaintiffs.

**AFFIRMED AND REMANDED.**